IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SCANNING TECHNOLOGIES INNOVATIONS LLC, | § § § | |
| Plaintiff, | § § | Case No: |
| vs. | § § | PATENT CASE |
| MICROBIZ LLC, | § § § | |
| Defendant. | § § | |

# COMPLAINT

Plaintiff Scanning Technologies Innovations, LLC ("Plaintiff" or "STI") files this Complaint against Microbiz LLC ("Defendant" or "Microbiz") for infringement of United States Patent No. 9,053,498 (hereinafter "the '498 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 3131 McKinney Ave., Suite 600 Dallas, TX 75204.

4. On information and belief, Defendant is a limited liability company having a place of business at 655 Oak Grove Avenue #493, Menlo Park, CA 94026-049.

5. On information and belief, this Court has personal jurisdiction over Defendant

because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendants has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,053,498)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '498 Patent with sole rights to enforce the '044 Patent and sue infringers.

11. A copy of the '498 Patent, titled "System and Method for Network Operation," is attached hereto as Exhibit A.

12. The '498 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '498 Patent by making, using, importing, selling, and/or offering for sale a point of sale system ("System") covered by one or more

claims of the '498 Patent. Defendant has infringed and continues to infringe the '498 Patent in violation of 35 U.S.C. § 271.

14. Defendant sells, offers to sell, and/or uses the System, known as Microbiz POS, and any similar products, which infringe at least Claim 1 of the '498 Patent.

15. On information and belief the System indicates the existence of a link to information pertaining to an article of commerce. For example, the System provides an indication of a link (e.g., indication of a link obtained by enabling "sync to Magento") to information for articles of commerce, such as, for example, whether items can be sold online through the Magento ecommerce platform using Microbiz POS.

16. A mobile device (e.g., an iPad or other tablet device) running Microbiz POS has a portable handheld housing (e.g., the housing of the tablet and/or the housing of a scanner associated with the tablet) and a communication interface (e.g., communication interface of the mobile device) which enable the device to communicate with a communication network such as the Internet. On information and belief, the System integrates with hardware including scanners and mobile computing platforms (e.g., tablet devices).

17. On information and belief a device running Microbiz POS has a signal processing device (e.g., processor of the mobile device) and a visual input device (e.g., a hand scanner and/or a built-in camera on a mobile device). If the visual input device is the hand scanner, it is affixed within the housing of the hand-held scanner. If the visual input device is a built-in camera, it is affixed within the housing the mobile device having the built-in camera.

18. The mobile device has an associated local database (e.g., internal memory of the mobile device) which is configured to store data for use by the mobile device. For example, on information and belief, the device running Microbiz POS has local memory storing product

information including information relating to product record, customer records, inventory levels, prices, sales and gift cards, for use by the mobile device which can operate in both an online and offline mode.

19.     On information and belief, the System also includes a server in communication with the mobile device.  The System is Internet-based and allows connectivity to multiple clients.  Users can perform retail operations remotely including product scanning and lookup.  Because the System is Internet-based, it necessarily includes a server.  On information and belief the server includes a database that stores a look-up table (e.g., data elements and records) that includes a plurality of identification codes associated with articles of commerce (e.g., items sold through Microbiz POS).  Examples of these elements within the System are illustrated below:



20.     On information and belief, the System also includes information link indicators (e.g., indicator indicating synchronization of product details from Microbiz to the Magento ecommerce platform) indicating the availability of items online, when the System is

functioning in an E-commerce mode. Each link indicator is associated with a respective identification code (e.g., product code) and article of commerce (e.g., item sold through the System). Each link indicator is configured as a status signal indicating whether or not a link exists to information about the product in an online environment enabled by the System (e.g., sync to Magento – Yes/No indicating whether the product is available online or not).

21. The visual input device captures an image of an article of commerce and decodes the image to obtain an identification code (e.g., scan code). On information and belief, the processor of the device running Microbiz POS is configured to look up the identification code in the local look-up table to determine from a respective link indicator whether or not a link exists for accessing information about the product online. On information and belief, in offline mode, the device running Microbiz POS can determine whether or not the link exists without accessing the communication network.

22. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

23. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

24. Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 7,367,044 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: October 4, 2016                    Respectfully submitted,

                                        */s/ Jay Johnson*
                                        **JAY JOHNSON**
                                        State Bar No. 24067322
                                        **D. BRADLEY KIZZIA**
                                        State Bar No. 11547550
                                        **KIZZIA JOHNSON, PLLC**
                                        1910 Pacific Ave., Suite 13000
                                        Dallas, Texas 75201
                                        (214) 451-0164
                                        Fax: (214) 451-0165
                                        jay@kjpllc.com
                                        bkizzia@kjpllc.com

                                        **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A